## Commonwealth v. Haupt.

*Statutes—Amendments—Summary conviction—Error in information.*

1. Where an act or a section of an act is amended so as to read in a prescribed manner, the original section is entirely repealed. Where, in a summary conviction, the information charges the defendant with violation of section 1 of the Act of June 7, 1901, P. L. 493, as amended by section 1 of the Act of May 14, 1909, P. L. 840, and the latter act was amended by the Act of May 21, 1913, P. L. 276, the record is defective and a conviction based thereon cannot be sustained.

*Summary conviction — Doing plumbing work without license — Act of May 14, 1909, as amended by Act of May 21, 1913—Owner of premises.*

2. Section 1 of the Act of May 14, 1909, P. L. 840, as amended by the Act of May 21, 1913, P. L. 276, makes it unlawful for any person to carry on or work at the business of plumbing or house drainage in cities of the second and third class until a license shall have been granted him. The act, therefore, covers all persons engaged in the business and those who do the actual work, but, being penal in nature and, therefore, strictly construed, it cannot be held to include the owner of the property where the work is done merely because he causes or permits the work to be done on his premises.

Appeal from summary conviction. Q. S. Berks Co., March Sess., 1925, No. 176.

*Joseph R. Dickinson,* City Solicitor, for Commonwealth.

*F. A. Marx,* for defendant;

Stevens, J.—Assuming that this case, here entitled Commonwealth of Pennsylvania *v.* David F. Haupt, although instituted before the alderman under the title of City of Reading *v.* David F. Haupt and called an action for a penalty, having been begun by the issuance of a warrant and resulting in an adjudication of guilty and the imposition of a fine of $10 and costs, is in reality a summary conviction, and that the appeal is properly taken to this court, we do not feel that the conviction can be sustained.

The defendant is charged in the information, if it may be so termed, with a violation of section 1 of the Act of June 7, 1901, P. L. 493, as amended by sec-

Commonwealth v. Haupt.

tion 1 of the Act of May 14, 1909, P. L. 840, in that he did, in and about the erection of certain houses, work at the business of plumbing or house drainage without having a certificate or license to work at said business of plumbing or house drainage and without having registered as such.

A stipulation as to facts is filed, in which it is stated that defendant, in the erection and building of some twenty houses in the City of Reading, caused and permitted to be laid and constructed by one not having a certificate or license and not having registered, as required by law, certain pipes conveying the roof water through the cellars of said houses into an open street gutter and pipes draining the back yards or courts of said houses. It is further stipulated that defendant did none of the work himself.

This proceeding as stated is brought under section 1 of the Act of May 14, 1909, P. L. 840; but that section was amended by the Act of May 21, 1913, P. L. 276, of which no mention is made in the information. Section 1 of the Act of 1909 was not in force when this proceeding was instituted; for, where an act or a section of an act is amended so as to read in a prescribed manner, the original section is entirely repealed: Fowler v. Columbia County, 18 Pa. C. C. Reps. 653; Endlich on Interpretation of Statutes, § 196. Inasmuch as the record must set forth the statutory provision which has been violated, a reference to a statute no longer in force is defective and a conviction based thereon cannot be sustained: Sadler's Criminal Procedure, § 755.

But even if this defect were ignored, the conviction could not be sustained. The law makes it unlawful for any person to carry on or work at the business of plumbing or house drainage in cities of the second and third classes until a certificate or license to engage in or work at said business shall have been granted and said person shall have registered as such. The Act of 1913 enlarges the application of the Act of 1909 to all second and third class cities, its application having been restricted by the latter act to those cities having a system of sewerage and water supply.

Conceding that the work which was done was plumbing, which seems to be the art or trade of putting into buildings the tanks, pipes, traps, fittings and fixtures for conveying water, gas and sewage (Standard Dictionary), yet the defendant himself, having done none of the work, which we take it includes supervision and superintendence, cannot be held to have been carrying on or working at the business of plumbing or house drainage by causing and permitting some one else to do the work.

The carrying on of a business involves the idea of continuity, that is, more than a single act or transaction, although engaging in a business may be by a single transaction according to the intent with which the act is done. The act of assembly was intended to cover all those persons who are engaged in the business and all persons who do the actual work: City of Reading v. Eck, 23 Dist. R. 1036, 1037; Clauhs v. Pittsburgh, 14 Dist. R. 571, 572. It does not include the owners as such of properties where the work is done, nor can said owner be regarded as carrying on or engaging in the plumbing business because he causes or permits the work to be done on his premises.

The act is penal in its nature and must be strictly construed, and it cannot be extended by implication to persons who do not clearly come within its terms: Schott v. Harvey, 105 Pa. 222, 227.

And now, Feb. 8, 1926, the defendant is adjudged not guilty and is discharged, the record costs to be paid by the County of Berks, and all other costs of prosecution to be paid by the prosecutor, Leroy H. Smith.

From Charles K. Derr, Reading, Pa.